68 F.3d 484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Yong Cha KIM, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-6058.
 United States Court of Appeals, Tenth Circuit.
 Oct. 12, 1995.
 
 Before MOORE, BARRETT, and WEIS,*** Circuit Judges.
 ORDER AND JUDGMENT[2]
 MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's affirmance of the Secretary's denial, at step four of the sequential analysis, see 20 C.F.R. 404.1520, 416.920, of plaintiff's application for disability insurance and supplemental security income benefits. We exercise jurisdiction under 42 U.S.C. 405(g) and 28 U.S.C. 1291 and affirm.
 
 
 3
 Plaintiff filed her application for benefits in September 1991, alleging she had been disabled since September 1988 as a result of back, shoulder and neck injuries, high blood pressure, and diabetes. The administrative law judge (ALJ) concluded that although plaintiff had a severe back impairment, she could, nonetheless, perform her past relevant work as either a dishwasher, a custodian, or a sales clerk. The ALJ, therefore, denied plaintiff benefits. When the Appeals Council declined review, the ALJ's decision became the final decision of the Secretary. The district court affirmed the Secretary's decision, concluding that substantial evidence supported the Secretary's determination that plaintiff could perform her past relevant work as a sales clerk.
 
 
 4
 "We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the Secretary applied the correct legal standards." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir.1994). Plaintiff contends that the Secretary erred in four respects in denying her application for benefits: (1) the Secretary failed to evaluate plaintiff's allegations of pain correctly; (2) the Secretary failed to evaluate plaintiff's alleged mental impairment; (3) the Secretary failed to apply the grids correctly; and (4) the Secretary failed to consider a disability rating given plaintiff by a physician who examined her in connection with a workers' compensation claim. Finally, plaintiff contends that, in reviewing the Secretary's decision, the district court erred by creating and then relying on vocational evidence that was not present in the record.
 
 
 5
 We have meticulously examined the record, see Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir.1983), and, based upon our review, the parties' briefs, and the pertinent law, we conclude that substantial evidence supports the Secretary's determination that plaintiff could return to her past relevant work as a sales clerk. Therefore, the Secretary properly denied plaintiff's application for benefits.
 
 
 6
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 ***
 Honorable Joseph F. Weis, Jr., Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470